[L. A. No. 15800. In Bank.—August 28, 1936.]

ANTHONY JURICH, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Anthony Jurich, *in pro. per.*, on Behalf of Petitioner.

Philbrick McCoy for Respondent.

WASTE, C. J.—The board of governors of The State Bar has adopted the findings of one of its local administrative committees and has recommended, as did the committee, that petitioner be disbarred from the practice of the law.
We have examined the entire record and are of the view that the weight of the evidence adduced at the several hearings before the local committee supports its findings and conclusion that petitioner has been guilty of conduct involving moral turpitude of a character sufficient to warrant his disbarment. It is not our intention to here set forth the facts in great detail. Suffice it to say, that the record, though conflicting in some particulars, is replete with competent and persuasive testimony tending to indicate that petitioner had affixed what purported to be the signatures of two clients to a note and deed of trust and had delivered the same to another client as "security" for an indebtedness owing by him to the latter. A notarial seal was attached thereto. There is evidence also tending to show that when the payee and beneficiary of the note and deed of trust called upon the purported makers for payment on account thereof, petitioner's nefarious scheme was uncovered. When asked for an explanation by the purported makers, he replied that "it was just a mistake, just a jumble of papers, and he was attending to it". The instruments were not produced in evidence for the very good reason that they had been destroyed by petitioner, according to his own testimony, subsequent to their disclosure to the purported makers but prior to the institution of this disciplinary proceeding, upon his substituting in their place and stead his personally executed note and chattel mortgage in which his wife joined.

Petitioner attempts to explain the transaction upon the theory that he had merely left with the payee or beneficiary a carbon copy of the note and deed of trust (with the names typed in) which he anticipated the purported makers thereof were about to execute to secure their asserted indebtedness

to him and which he had theretofore promised to turn over to the former, upon execution, as security for his indebtedness. The weight of the evidence is opposed to this contention.

It was also found, upon competent evidence, that during the pendency of this investigation petitioner communicated by telephone with one of the purported makers of the original note and deed of trust and by means of threats and intimidating language had endeavored to cause her to retract statements that gave rise to this proceeding.

The petition for review, consisting of three and one-half typewritten pages, presents but a few bald, unsupported statements having to do with the asserted insufficiency of the evidence and the alleged bias and prejudice of the members of the local investigating committee. We find nothing therein suggesting a course other than that recommended by the committee and the board of governors.

It is ordered that petitioner be disbarred from the practice of the law in all the courts of this state and that his name be stricken from the roll of attorneys, effective thirty days after this order becomes final.

Curtis, J., Langdon, J., Seawell, J., and Shenk, J., concurred.